UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JENNA DENISE HILLARD,<br>Debtor. | Case No. 23-cv-01461-JSW<br><br>**ORDER ON APPEAL**<br>Re: Dkt. No. 8 |

This matter comes before the Court upon consideration of the appeal filed by Appellant Jerry Duarte ("Duarte") from the United States Bankruptcy Court for the Northern District of California's order sustaining an objection to Duarte's proof of claim. Debtor and Appellee, Jenna Denise Hilliard ("Hilliard") has appeared *pro se* and asks the Court to affirm the Bankruptcy Court's decision. Pursuant to Civil Local Rule 16-4, the Court deems this case submitted on the papers without oral argument. The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court AFFIRMS the Bankruptcy Court.

**BACKGROUND**

On August 19, 2022, Hilliard filed a bankruptcy petition seeking relief under Chapter 13 of the Bankruptcy Code. In her initial schedules, Hilliard listed Duarte as an unsecured creditor and listed the debt owed as $87,068.89. (Bankruptcy Docket ("BR Dkt."), No. 1, Petition and Initial Schedules at ECF p. 21.) Proofs of claim were due by October 28, 2022. Duarte did not file a claim by that date.

On October 31, 2022, the Trustee filed a Notice of Filed Claims, which indicated that Duarte had not filed a claim. (BR Dkt. No. 24, Notice of Filed Claims at ECF p. 5.)

On October 31, 2022, Duarte submitted a proof of claim in the amount of $114,320.00.

(Duarte's Request for Judicial Notice, Ex. 1.)

On November 5, 2022, Hilliard filed amendments to the schedules of unsecured claims and listed the debt owed to Duarte as $114,320.00. (BR Dkt. No. 27, Amended Schedules at ECF p. 10.) She also filed several amendments to her plan.

On January 4, 2023, Hilliard objected to Duarte's claim on the basis that it was untimely. (BR Dkt. No. 45.) Duarte responded, arguing Hilliard submitted an "informal claim" on his behalf by filing the amended schedule that increased the amount of the debt to $114,320 and by including that amount in her second amended plan. (*Id.*) Hilliard argued that her amendments did not amount to an informal proof of claim. (BR Dkt. No. 51.)

On February 9, 2023, the Bankruptcy Court held a hearing to consider the objection, and the parties' argument mirrored the arguments they presented in the briefs. (BR Dkt. No. 57; *see also id.* Dkt. 86, Transcript at ECF 3:14-6:3.) The Bankruptcy Court sustained the objection on the record.

> I'm going to sustain the objection. I mean I know what [*In re Barker*, 839 F.3d 1189 (9th Cir. 2016) ("*Barker*")] says. I think it's a tricky area, but I do think there is still an obligation on the creditor to file a claim. And what the debtor did afterward, in my view, doesn't change that result, so the objection is sustained.

(Transcript at ECF 6:6-10.)

Duarte filed a timely notice of appeal and elected to proceed in this Court.

## ANALYSIS

The Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *See In re Baroni*, 36 F.4th 958, 965 (9th Cir. 2022). The questions of whether the Bankruptcy Court properly disallowed Duarte's claim as untimely and whether Hilliard submitted an informal proof of claim are questions of law. *Barker*, 839 F.3d at 1193. Duarte argues the Bankruptcy Court erred by concluding he was required to file a claim.

The Court begins with the language of Rule 3002, which provides that "unsecured creditors … *must* file a proof of claim or interest for the claim or interest to be allowed except as

provided in Rule[s] … 3004 …" Fed. R. Bankr. P. 3002(a) (emphasis added).[1] "The Ninth Circuit has made it clear that this straightforward language should be given its plain meaning and enforced accordingly." *Barker*, 839 F.3d at 1194. Rule 3004 permits debtors to file a proof of claim on behalf of a creditor who fails to do so. The Advisory Committee Notes to that Rule explain that

> [i]t is the policy of the Code that debtors' estates should be administered for the benefit of creditors without regard to the dischargeability of their claims. After their estates have been closed, however, discharged debtors may find themselves saddled with liabilities, particularly for taxes, which remain unpaid because of the failure of creditors holding nondischargeable claims to file proofs of claim and receive distributions thereon. The result is that the debtor is deprived of an important benefit of the Code without any fault or omission on the debtor's part and without any objective of the Code being served thereby.

*See also In re Avery*, 272 B.R. 718, 723 n.5 (E.D. Cal. 2002) (explaining what might motivate a debtor to file a proof of claim on behalf of a creditor); Fed. Bankr. Rule P. 3004, advisory committee's note to 2005 amendment ("Providing the debtor and the trustee with the opportunity to file a claim ensures that the claim will participate in any distribution in the case. This is particularly important for claims that are nondischargeable."). Duarte provides the Court with no authority to suggest Rule 3004 was intended to protect creditors who miss the deadline to file a claim.

Duarte also argued that Hilliard filed an informal proof of claim on his behalf by amending her schedules after he belatedly filed his claim. An informal claim must "state an explicit demand showing the nature and amount of the claim *against the estate*" and "evidence an intent to hold the *debtor* liable." *Barker*, 839 F.2d at 1196 (emphasis added). The doctrine is premised on "liberality in amendments" to proofs of claim. Thus, "a timely informal proof of claim may be later amended by the filing of a formal proof of claim after the bar date." *In re Edelman*, 237 B.R. 146, 154 (9th Cir. B.A.P. 1999).

---

[1] "[A] secured creditor, who does not wish to participate in a Chapter 13 plan or who fails to file a timely proof of claim, does not forfeit its lien." *Barker*, 839 F.3d at 1193. Duarte is not a secured creditor.

In *Barker,* the creditor filed untimely proofs of claim and moved the bankruptcy court to allow them. The creditor argued that the debtor had filed an informal proof of claim by listing its debt in her schedules, reasoning that "there is no requirement that the writing establishing the informal proof of claim come from the creditor." *Barker*, 839 F.3d at 1196. The court rejected that argument on the basis that "the creditor must somehow demonstrate its intent to hold the debtor liable." *Id.* (and noting that authority cited by creditor showed that some sort of affirmative action" on part of the creditors before the filing deadline); *cf. In re Matter of Burns*, 566 B.R. 918, 922 (Bk. N.D. Ind. 2017) ("A permissible amendment must begin with the proposition that the avowed purpose of the original submission was an attempt to file a proof of claim.) (internal quotations and citation omitted); *In re Bowden*, 315 B.R. 903, 907 (Bankr. W.D. Wash. 2004) ("[T]he requirements for an informal proof of claim implicitly assume that the creditor has taken some action to assert its claim.").

The *Barker* court also considered the creditor's argument that the bankruptcy schedules could be considered a debtor's proof of claim under Rule 3004. The court rejected that argument, reasoning that Rule 3004 "requires that debtors make an additional showing of their desire to include an unasserted claim in their Chapter 13 plan after receiving notice of which creditors intend to enforce their claims." *Id.* at 1197; *cf. In re Burns*, 566 B.R. at 922 ("The debtors' plan is not an informal proof of claim. It was designed to serve a very different purpose, was not an attempt at submitting a claim, and does not validate an otherwise untimely claim.") (citing *Barker* with approval).

Duarte does not suggest that he took any "affirmative action" before the claims date to indicate his intent to hold Hilliard liable for the debt.[2] Under *Barker's* reasoning, Hilliard's initial schedules cannot be considered an informal proof of claim. Duarte argues that the "additional showing" the *Barker* court found lacking is present here because Hilliard amended her schedules and her plan after he filed his claim. The Court is not persuaded by that argument. As the *Barker*

---

[2]  Duarte filed a lawsuit against Hilliard in state court on June 14, 2022. (Hilliard Brief, Attachment 1.) Duarte did not – and does not – rely on those proceedings to suggest he submitted an informal claim prior to the claims bar date.

4

court noted, "[b]ankruptcy schedules serve multiple purposes independent of a proof of claim[.]" 839 F.3d at 1195.  Duarte fails to cite any authority that the doctrine of informal claims apply to actions taken by a debtor *after* an untimely claim was filed.

In light of the plain language of Rule 3002, the purpose of Rule 3004, and the lack of authority supporting Duarte's argument regarding informal claims by a debtor, the Court concludes the Bankruptcy Court's ruling was not erroneous.  Accordingly, the Court AFFIRMS the order sustaining Hilliard's objection to Duarte's claim.

This Order shall constitute the judgment on the appeal.  The Clerk shall close the file.

**IT IS SO ORDERED AND ADJUDGED**.

Dated: July 15, 2024

_____
JEFFREY S. WHITE
United States District Judge